UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDOLF ABNER,

    Plaintiffs,               CIVIL ACTION NO. 11-14175

    v.                         DISTRICT JUDGE NANCY G. EDMUNDS

NEW SEASONS CDC, WELLS          MAGISTRATE JUDGE MARK A. RANDON
FARGO HOME MORTGAGE, INC.,
TANYA THOMPSON and MARTIN
JONES,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT NEW SEASONS CDC,
MARTIN JONES AND TANYA THOMPSON'S MOTION TO DISMISS (DKT. NO. 6)**

Plaintiff Randolph Abner ("Plaintiff") sued several defendants for alleged misconduct related to the foreclosure and short sale of his home in Detroit, Michigan. Presently before the Court is New Seasons CDC, Martin Jones and Tanya Thompson's (collectively "Defendants") motion to dismiss (Dkt. No. 6). Defendants also request sanctions against Plaintiff. *Id.* On October 25, 2011, Judge Nancy G. Edmunds referred all pre-trial proceedings to this Magistrate Judge (Dkt. 7). Plaintiff did not file a response to Defendants' motion to dismiss, despite the Court's directive to do so (Dkt. No. 8)

On December 15, 2011, the Court held a hearing on Defendants' motion to dismiss. Plaintiff was sent a notice to appear but did not attend the hearing (Dkt. No. 8). Notwithstanding this lack of opposition, for the reasons set forth below, it is **RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** and that Plaintiff's claims against Defendants be

**DISMISSED, WITH PREJUDICE**.  Defendants' request for sanctions, however, should be **DENIED**.  Furthermore, because Plaintiff does not appear to have served the only remaining Defendant – Wells Fargo Home Mortgage, Inc. ("Wells Fargo") – and the time to do so has expired, it is also **RECOMMENDED** that Plaintiff's claims against Wells Fargo be **DISMISSED, WITHOUT PREJUDICE**.

## I.  FACTS

Plaintiff came to Defendant New Seasons seeking foreclosure counseling.  On May 5, 2011, Plaintiff paid New Seasons $1,500 (Dkt. 1; Ex. B).  Defendant Tanya Thompson and Defendant Martin Jones are employees of New Seasons.  Plaintiff had already lost his home through a sheriff's sale in March 2011 by the time he approached New Seasons (Dkt. 6; Ex. 1). New Seasons and Defendants' Thompson and Jones gave Plaintiff financial counseling and advice on how he could regain possession of his home.  Plaintiff executed a New Seasons "Statement and Agreement," in which New Seasons' services were explained (Dkt. 1; Ex. C & D).  Page two of that Statement and Agreement stated:

> I hold New Seasons Community Development, its employees, agents and volunteers harmless from any claim, suit or demand of myself, my creditors or any other person resulting from advice or counseling.

New Seasons referred Plaintiff to Yvonne Brady at Keller Williams, a realtor.  Ms. Brady negotiated a short sale with the creditor – Wells Fargo – for Plaintiff to re-purchase his home. Plaintiff ended up buying his house back from Wells Fargo for $9,000 (Dkt. 6 at 4).  After all of the services had been rendered by New Seasons, Plaintiff – apparently unwilling to let New Seasons' good deeds go unpunished – filed this lawsuit.

Plaintiff's Complaint (Dkt. 1) contains five counts: (1) "negligent misrepresentations;" (2) fraud; (3) defamation of character; (4) breach of contract; and (5) violations of the Truth in Lending Act.  Counts I and II appear to be directed at Defendant Tanya Thompson, and allege that she misled Plaintiff into believing that she was a licensed real estate agent; more specifically, Plaintiff contends that he paid Defendants $1,500, but that Thompson was unable to assist him since she was not a licensed real estate agent.  Count III appears directed at Defendant Martin Jones, and alleges that he defamed Plaintiff by telling Plaintiff that Defendant Thompson would not speak to Plaintiff because Plaintiff "fondled" her.  Plaintiff claims that this accusation is false and that Jones' statement to Plaintiff is defamatory.  Count IV is directed at Defendant Jones, and alleges that he breached the contract between Plaintiff and New Seasons by defaming Plaintiff and by failing to treat Plaintiff with "dignity and respect."  Finally, Count V appears directed at all Defendants (including Wells Fargo), and alleges, in very general terms, that Defendants violated the Truth in Lending Act.

## II.  ANALYSIS

### A.    Motion To Dismiss Standard

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b) (6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  To survive a

Rule 12(b)(6) motion for dismiss, the plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (citing *Bell Atlantic*, 550 U.S. at 555).

      B.      **Defendants' Unopposed Motion To Dismiss Should Be Granted**

Plaintiff failed to file a response to Defendants' motion to dismiss, despite being directed to do so by the Court (Dkt. 8).  Furthermore, Plaintiff failed to appear at the hearing on Defendants' motion to dismiss, despite being sent notice to appear (Dkt. 8).  Thus, this motion is unopposed.  The local court rules in the Eastern District of Michigan (as amended effective March 1, 2010) required Plaintiff to file a response if he wished to oppose Defendants' motion to dismiss.  *See* E.D. Mich. LR 7.1(c)(1) ( "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available"); E.D. Mich. LR 7.1(e)(1)(B) ("[a] response to a dispositive motion must be filed within 21 days after service of the motion"). "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 Fed. App'x. 328, 331 (6th Cir. 2008), quoting *Scott v. State of Tennessee*, No. 88–6095, 1989 WL 72470 at *2 (6th Cir. July 3, 1989) (granting the defendants' unopposed motion to dismiss) *see also, e.g., Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("[f]ailure to follow a district court's local rules is a proper ground for dismissal); *McKinzy v.*

*Unified Government of Wyandotte County/Kansas City, KS*, No. 09–2199–EFM–DWB, 2010 WL 2719852 at *2 (D.Kan. July 8, 2010) (court could grant the defendants' unopposed motion to dismiss and for sanctions "with little further consideration" where the plaintiff failed to file a responsive brief as required by the local court rules); *Zayed v. United States*, 221 F.Supp.2d 813, 815 FN1 (N.D. Ohio 2002) (court is within its discretion to consider the defendant's motion to dismiss as unopposed due to the plaintiff's lack of a timely response under the local court rule, observing that "these motions are often granted"). The fact that Plaintiff is proceeding *pro se* does not absolve him of the responsibility to oppose Defendants' motion to dismiss. *See Frailing v. Marquette Gen. Hosp., Inc.*, No. 2:05-cv-290, 2007 WL 1202385, *2 (W.D. Mich. Apr.23, 2007) (Edgar, Sr. J.) (granting the defendant's unopposed motion to dismiss and also dismissing for lack of prosecution, stating, "[t]his Court understands that Plaintiff is representing herself *pro se* in this action; however, her status does not give her leave to ignore the Federal Rules of Civil Procedure ....").

Notwithstanding Plaintiff's complete lack of opposition to Defendants' motion to dismiss, the legal arguments presented in that motion are well-taken. Counts I (negligent misrepresentation) and II (fraud) against Defendant Thompson fail because they are not stated with sufficient particularity. In those Counts, Plaintiff claims that Defendant Thompson misrepresented that she was a licensed real estate agent. Under Fed. R. Civ. P. 9(b), a plaintiff must plead "with particularity the circumstances constituting fraud or mistake." "To meet the particularity requirements of Rule 9(b), Plaintiff must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mekani v. Homecomings Fin., LLC*,

752 F.Supp.2d 785, 792 (E.D. Mich. 2010) (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 569–570 (6th Cir. 2008)). Plaintiff's "misrepresentation" and "fraud" claims are stated in very general terms and do not identify any specific fraudulent statements (or when said statements were allegedly made) by Defendant Thompson. Plaintiff cites to the contract between himself and New Seasons, however, nowhere in that contract does it state that Defendant Thompson is a licensed real estate agent. As such, Plaintiff's misrepresentation and fraud claims fail as a matter of law and should be dismissed.

Plaintiff's defamation claim against Defendant Jones (Count III) also fails to state a claim. The elements of a defamation claim are: "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statements irrespective of special harm, or the existence of special harm caused by the publication." *Gonyea v. Motor Parts Fed. Credit Union*, 192 Mich.App. 74, 76–77, 480 N.W.2d 297 (1991). "These elements must be specifically pleaded, including the allegations with respect to the defamatory words, and the publication of the alleged defamatory words." *Id.* Where an element of defamation is not specifically pleaded, summary disposition is appropriate. *See, e.g., Fisher v. Detroit Free Press, Inc.*, 158 Mich.App. 409, 413, 404 N.W.2d 765 (1987) (summary disposition correct where the plaintiff failed to "sufficiently plead" a "material falsehood"). Plaintiff claims that Defendant Jones defamed him by telling Plaintiff that Defendant Thompson would not speak to him because Plaintiff "fondled" her. What is missing from Plaintiff's Complaint, however, is an allegation that Defendant Jones made such a statement to a *third party*. Without such an allegation, Plaintiff's defamation claim fails as a matter of law and should be dismissed.

Plaintiff's breach of contract claim (Count IV) appears to be derivative of his defamation claim (Count III) inasmuch as Plaintiff alleges in Count IV that Defendant Jones breached the contract between Plaintiff and New Seasons by defaming Plaintiff and by not treating Plaintiff with "dignity and respect." Since Plaintiff's defamation claims fails, his breach of contract claim fails as well.

As to Plaintiff's Truth in Lending Act (TILA) claim, Plaintiff only makes conclusory allegations that there was a TILA violation, without any factual support. Plaintiff does not specifically identify how TILA was violated, rather, Count V appears to be a restatement of Counts I and II of the Complaint, which allege that Defendant Thompson somehow misled Plaintiff (although Count V is unclear as to how Plaintiff believes he was misled). In any event, Count V does not appear to state a valid claim under TILA since Plaintiff has no factual support for this claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### C.   Defendants' Request For Sanctions Should Be Denied

Defendants request that Plaintiff be sanctioned $3,500 for filing a frivolous lawsuit against Defendants (Dkt. 6 at 4, 8). Although not explicitly stated, Defendants request for sanctions appears to be brought under Federal Rule of Civil Procedure 11. Rule 11 sanctions are inappropriate here, because Defendants have not complied with Rule 11's mandatory "safe harbor" provision, which requires the party seeking sanctions to provide notice to the offending party by serving the Rule 11 motion on that party at least 21 days before filing the motion with the district court, thereby allowing the offending party 21 days to withdraw or correct the offending conduct. *See* Fed. R. Civ. P. 11(c)(2). The record does not reflect that Defendants complied with this requirement, thus Defendants' request for sanctions should be denied.

### D. Plaintiff's Claims Against Wells Fargo Should Be Dismissed, Without Prejudice

Finally, Plaintiff does not appear to have served Wells Fargo with a Summons and Complaint in this matter. Federal Rule Civil Procedure 4 requires service within 120 days after a Complaint is filed. Under Rule 4(m):

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The Complaint in this matter was filed on September 22, 2011 (Dkt. 1). Thus, Plaintiff had 120 days – or until January 20, 2012 – to effectuate service on Wells Fargo. January 20, 2012 has come and gone. Plaintiff has not requested any extension of time to serve Wells Fargo. This Magistrate Judge finds no cause to extend the period of time for Plaintiff to serve Wells Fargo with the Summons and Complaint. As such, Plaintiff's claims against Wells Fargo should be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

### III. CONCLUSION

In light of the foregoing, it is **RECOMMENDED** that New Seasons CDC, Martin Jones and Tanya Thompson's motion to dismiss (Dkt. 6) be **GRANTED** and that Plaintiff's claims against those Defendants be **DISMISSED, WITH PREJUDICE**. Defendants' request for sanctions against Plaintiff, however, should be **DENIED** since Defendants failed to comply with Rule 11's safe harbor provision. Furthermore, since the record does not reflect that Plaintiff has served Wells Fargo with the Summons and Complaint – and since the time to do so has expired – Plaintiff's claims against Wells Fargo should be **DISMISSED, WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                s/Mark A. Randon
                                                MARK A. RANDON
                                                UNITED STATES MAGISTRATE JUDGE

Dated: February 13, 2012

## CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 13, 2012.*

                                                *s/Melody R. Miles*
                                                *Case Manager to Magistrate Judge Mark A. Randon*
                                                *(313) 234-5542*