UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDOLF ABNER,

    Plaintiff,

v.

NEW SEASONS CDC, WELLS FARGO
HOME MORTGAGE, INC., TANYA
THOMPSON, and MARTIN JONES,

    Defendants.

                                         /

Case No. 11-14175

Honorable Nancy G. Edmunds

**ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This matter has come before the Court on the Magistrate Judge's Report and Recommendation. Being fully advised in the premises and having reviewed the record and the pleadings, including the Report and Recommendation and any objections thereto, the Court hereby ACCEPTS the Magistrate Judge's Report and Recommendation as to Defendants New Seasons CDC, Thompson, and Jones and REJECTS the Magistrate Judge's Report and Recommendation as to Defendant Wells Fargo Home Mortgage, Inc.

      Defendant Wells Fargo was never served with a Summons and Complaint in this matter. Because of this, the Magistrate Judge determined that the claims against Defendant Wells Fargo should be dismissed without prejudice, pursuant to Federal Rule

of Civil Procedure 4(m).

Under Rule 4(c)(3), however, "at the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis*." Fed. R. Civ. P. 4(c)(3). On September 28, 2011, this Court granted Plaintiff's request to proceed *in forma pauperis* and for request for service by the U.S. Marshal. On November 2, 2011, the docket reflects, "SUMMONS Returned Unexecuted as to Wells Fargo Home Mortgage, Incorporated. No return of Notice and Acknowledgment of Receipt of Summons and Complaint by Wells Fargo Home Mortgage." There is no indication that the US Marshal made any further attempts to serve Defendant Wells Fargo. The Magistrate Judge did not order Plaintiff to show cause why Defendant Wells Fargo should not be dismissed for failure of Plaintiff to provide a proper address. The docket does not reflect that any action at all was taken in response to the fact that Defendant Wells Fargo was not served. Because Plaintiff was authorized to proceed *in forma pauperis*, it was the Court's responsibility to serve Defendants and the Magistrate Judge should have done more to effectuate this service instead of merely dismissing the claims without prejudice under Rule 4(m).

This Court finds, however, that even if Defendant Wells Fargo had been served properly, the charges against it should be dismissed. "A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Soc. of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); *see also, Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 743 (9th Cir. 2008). A court

dismissing a plaintiff's claims against moving defendants may *sua sponte* dismiss non-moving defendants as well where "it is clear that the same ruling would inevitably apply to each of the defendants." *Rose v. Arkansas Valley Envtl. & Util. Auth.,* 562 F. Supp. 1180, 1189 n. 11 (W.D. Mo. 1983). This is true even where the nonmoving defendant has not been served. *Berryman v. Sampson*, No. 110-cv-12169, 2011 WL 6450775, at *9 (E.D. Mich. Sept. 8, 2011) (Komives, J.) (*sua sponte* dismissing claims against a non-moving defendant, where that defendant had not yet been served); *Herrerra v. Michigan Dep't of Corr.*, No. 10-cv-11215, 2011 WL 3862640, at *11 (E.D. Mich. July 22, 2011) (Komives, J.) (same); *Abagninin*, 545 F.3d at 743 (same).

In *Bonny*, the plaintiffs alleged that the local defendants were agents of the international defendants and the claim was attributable to all defendants. The Seventh Circuit determined that the local defendants, although they had not moved for dismissal, should be dismissed because the claims against them were integrally related to those against the international defendants who had moved for dismissal. Similarly, Plaintiff in this case has alleged that Defendant New Seasons CDC is a dummy corporation for Defendant Wells Fargo and alleges that all Defendants violated the Truth in Lending Act. Defendant Wells Fargo, then, is in a position similar to that of the other Defendants and the claim against Defendant Wells Fargo is not only integrally related to the claim against the other Defendants; it is identical.

This Court's order dismissing the claims against Defendants New Seasons CDC, Thompson, and Jones inevitably applies to Defendant Wells Fargo. Plaintiff's claim against Wells Fargo is DISMISSED with prejudice and the case is hereby DISMISSED.

SO ORDERED

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 19, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager